IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**INDERJIT SINGH**                                                                           **PETITIONER**

**VERSUS**                                     **CIVIL ACTION NO. 5:19-cv-126-DCB-MTP**

**WARDEN SHAWN R. GILLIS**                                              **RESPONDENT**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Petition [1] of Inderjit Singh for Writ of Habeas Corpus. Having carefully considered the parties' submissions, the record, and the applicable law, the undersigned recommends that the Petition be dismissed as moot.

On November 20, 2019, Singh filed the Petition pursuant to 28 U.S.C. § 2241, asserting that he had been detained in immigration custody in excess of six months following a final removal order. Petitioner requested to be released from custody. Pet. [1] at 8.

On May 26, 2020, Respondent filed a Motion to Dismiss for Mootness [11]. Respondent argues that the Petition is moot because Singh was removed to India on February 24, 2020. Mot. [11], Ex. A. Petitioner has not responded to the Motion [11].

Because the only relief Petitioner seeks is his release from immigration custody, his Petition [1] became moot upon his deportation from the United States, which terminated his immigration detention. *See Ighekpe v. Sourkaris*, 2006 WL 297746, at *2 (N.D. Tex. Jan. 30, 2006) (citing *Odus v. Ashcroft*, 61 F. App'x 121 (5th Cir. 2003)); *Lay v. I.N.S.*, 2002 WL 32494536, at *1 (N.D. Tex. Dec. 17, 2002). The Petition no longer presents a live case or controversy for purposes of satisfying Article III, Section 2 of the United States Constitution. Therefore, it should be dismissed as moot.

## RECOMMENDATION

For the reasons set forth above, the undersigned recommends that Respondent's Motion to Dismiss [11] be GRANTED and the Petition [1] be DISMISSED with prejudice as moot.

## RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge, and the opposing party. The district judge at the time may accept, reject, or modify in whole or in part, the recommendations of the magistrate judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 10th day of June, 2020.

s/ Michael T. Parker
United States Magistrate Judge